UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ELIJAH HOLLMAN, | ) | CASE NO. 4:09 CV0346 |
| | ) | |
| Petitioner, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| J.T. SHARTLE, | ) | |
| | ) | |
| Respondent. | ) | |

Before the court is *pro se* petitioner Elijah Hollman's above-captioned petition filed pursuant to 28 U.S.C. §§ 2241, 1331 and 2201, along with 5 U.S.C. §§ 552 and 706. Mr. Hollman, who is incarcerated at the Federal Correctional Institution in Elkton, Ohio, filed this action against F.C.I.. Elkton Warden J. T. Shartle. He challenges his Public Safety Factor of "Sex Offender" by the Bureau of Prisons (BOP). This assignment has allegedly prevented his placement in a Community Correctional Center (C.C.C.), as well as his early release from prison pursuant to 18 U.S.C. § 3621.

*Background*

Mr. Hollman is in prison as a result of "narcotics violations." (Pet. at 1.) He adds that the "offense conduct upon which the Public Safety Factor is conceived from stems for [sic] a 2005

prosecution in Suffolk County, New York, and resulted in a civil forfeiture under N.Y. Penal Code, § 240.20, or 'disorderly conduct.'" (Pet. at 2.)

On or about July 10, 2008, petitioner was advised that he was "not subject to 'notification' pursuant to 18 U.S.C. § 4042(c), as a 'sex offender.'" (Pet. at 2.) When he reviewed his most recent Custody Classification Form, however, it noted a Public Safety Factor for "sex offender." This classification has prohibited petitioner's eligibility for placement in a C.C.C., and mandated his continued confinement at a more secure facility. He adds that he has "substantially exhausted administrative remedies, with the final answer due in March, 2009." (Pet. at 2.) Instead of completing the exhaustion process by furnishing this information to the court, however, petitioner filed a Motion for Entry of Default Judgment on May 18, 2009. For the reasons set forth below, the Motion for Default is **denied** and this action is dismissed, without prejudice, for failing to exhaust administrative remedies.

### *Standard of Review*

"A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243 (emphasis added). Based on an initial review of the petition, it appeared to this court that petitioner was not entitled to an award of the writ at this time.

Contrary to petitioner's claim, the respondents have not been "served with a summons or complaint." Because they are not otherwise compelled to respond to his petition, his Motion for Default is denied.

### *Exhaustion*

-2-

Federal prisoners are required to exhaust administrative remedies before filing a habeas corpus petition under 28 U.S.C. § 2241. *Little v. Hopkins*, 638 F.2d 953, 953-954 (6th Cir.1981). Only after a federal prisoner seeking § 2241 relief has sought and exhausted administrative remedies pursuant to 28 C.F.R. §§ 542.10-16 may the prisoner then seek § 2241 judicial review. *United States v. Oglesby*, No. 02-3143, 714, 2002 WL 31770320, at *2 (6th Cir. Dec. 9, 2002) (citing *United States v. Wilson*, 503 U.S. 329, 335 (1992); *United States v. Cobleigh*, 75 F.3d 242, 251 (6th Cir.1996)). As the Sixth Circuit has noted,"[t]he Bureau of Prisons should be given the opportunity to consider the application of its policy to [the] petitioner's claim before the matter is litigated in the federal courts." *Urbina v. Thoms*, 270 F.3d 292, 295 n. 1 (6th Cir.2001) (quoting *Taylor v. United States*, No. 95-5150, 1995 WL 460512 (6th Cir. Aug.2,1995)).

Mr. Hollman has had several weeks to furnish the final administrative response he alleged would be forthcoming in March 2009. While he has been in a position to provide the court a final response in the administrative exhaustion process, or an argument that exhaustion is futile, he failed to do so. Therefore, this matter is dismissed without prejudice pending exhaustion of administrative remedies. Petitioner may refile his petition if and when he has completed the exhaustion process.

### *Administrative Procedure Act*
### *5 U.S.C. §§ 552 & 706*

The Administrative Procedure Act ("APA") does not provide a federal court with any independent basis for jurisdiction. *See Califano v. Sanders*, 430 U.S. 99, 106-07 (1977). Rather, the APA prescribes standards for judicial review of an agency action, once jurisdiction is otherwise established. *See Dixie Fuel Co. v. Commissioner of Soc. Sec.*, 171 F.3d 1052, 1057 (6th Cir.1999) (citing *Califano*, 430 U.S. at 107). Since this court lacks jurisdiction over petitioner's § 2241

claims, Mr. Hollman has failed to otherwise establish this court's jurisdiction over his APA claim.

### *Conclusion*

Based on the foregoing, the petition is dismissed without prejudice for failure to exhaust administrative remedies. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
UNITED STATES DISTRICT JUDGE

Dated: 6/1/09